The opinion of the court was delivered by
Duncan, J.
This was a scire facias on a recognisance entered into by the plaintiff in error, as bail in a writ of error on a judgment obtained in the Common Pleas of Lancaster county, by the defendant in error against Isaac Vanlear.
The condition of the reco- nisanee was in the usual form, that Vanlear -should prosecute the-writ of error with effect, and if the judgment should be affirmed, pay the judgment, damages, costs, &c., and also the damages and costs to be awarded for the delay. This writ of error was nonprossed, by agreement of the plaintiffs and defendant; the defendant stipulating that no other writ of error should be sued out. The first plea was, payment with leave to give the special matters in evidence. On the day before the jury was sworn a new plea was added, of nul tiel record; to which the pia'inüiío replied, habeivr tale recordum. The plaintiff in error cotí tends, that the recognisauu.; was not forfeited, inasmuch as the judgment was not affirmed, but the writ non-prossed.
The law must be very defective, if this were so. The object in requiring security for payment of the judgment to render the writ a supersedeas to execution, is, to secure the party who has obtained the judgment from the injur-, and loss of the debt, that might arise from this interruption and delay of. execution. But this would be an ineffectual and abortive security; and if an embarrassed debtor can delay and suspend the execution by giving bail, and then neglect to prosecute his writ, return the record, or assign the errors, and thus discontinue his writ and semen his bail, then the giving bail in error is a mere ceremony, and nearly? as idle as the warranty of a common vouchee in a recovery'. There v.ould be no difficulty in procuring bail, for the bail could be exposed to but little risk, where the writ of error, as in too many cases, is for the mere purpose of delay?. John Doe would be as good bail as the most substantial yeoman. The opinion of the court was entirely right; *408 for the essence of the recognisance is, the prosecution of the writ, and the not so doing exposes the bail to the payment of the judgment as much as if it were affirmed; the condition is not complied with, and the obligation to pay the money is the consequence of this non-performance. This doctrine is contained in every book of practice, and it is so much the dictate of common sense, that it is unnecessary to spend further time in proving so plain a proposition; and this disposes of the second and third assignments of error.
'If it were true in fact, that the issue of nul Uel record was tried by the jury, this would be a fatal objection; but however-inartifi-cially the record is made up, sufficient appears to show that it was not so.
The court first dispose of the plea. They state, that they have no concern with the alleged error or irregularity in the judgment; it is only for them to say, whether there is such judgment as is set out in the scire facias, remaining of record unreversed: and they say, there is. It required no rule to bring in the record, no time to be allowed the plaintiffs to produce this record. They had it; it was in the court; it was a record of the same court, remitted back by the Supreme Court when the non pros was entered. The court decide on the inspection of their own record, and do not leave- it to be decided as a fact by the jury, or to be decided by them at all. It might be more formally entered: — but this is the substance. If our records were scanned with the scrupulosity of a special pleader, few7 records could sustain such inquiry and test; and if every-speck which an eagle’s eye might discover were a ground of reversal, forlorn would be the hope of a suitor of the termination of his suit within the space of a common life.
The only material question w-as as favourably treated by the court as the plaintiff in error could honestly require. Fraud will vitiate every proceeding, however solemn, where it operates on the interest of third parties not participating in the fraud, and the court properly leave it to the jury to decide, whether the non pros was in consequence of a collusion between the plaintiffs and defendant, and with a fraudulent design of fixing the bail, and-if they found it was a continuance to fix the hail,' they were then most properly told the verdict should be in favour of the bail. But I rather incline to think, that the fraud could not be given in evidence on the plea of payment or nul tiel record, till the defendant should have pleaded that the writ of error was non-prossed per fraudan. As in an action against an executor who pleaded a judgment and no assets ultra; the plaintiff replies, that the judgment was obtained and kept on foot by fraud. This is the course, and should have been adopted here. , But the plaintiff in error has no cause of complaint. He had the full benefit of his allegation of fraud, as if it had been pleaded in the most special and technical form.
Judgment affirmed.